UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CECIL ANDREW POPE, § | |
|     Plaintiff, § | |
| v. § | No. 3:16-CV-101-B (BF) |
| ANDREW CHATHAM, et al., § | |
|     Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendants Hawk, Smith, D'Amore, Fox, and Lambert's Motion to Dismiss Under Rule 12(b)(6) ("Motion to Dismiss"), filed on July 7, 2016. Mot. to Dismiss, ECF No. 27. On September 7, 2016, the District Court referred the Motion to Dismiss to the United States Magistrate Judge for recommendation. *See* Order Referring Mot., ECF No. 33. For the following reasons, the undersigned respectfully recommends that the District Court **GRANT** the Motion to Dismiss [ECF No. 27].

**BACKGROUND**

This case arises out of state court convictions in the 282nd Judicial District Court of Dallas County Texas. Mot. to Dismiss 1, ECF No. 27; Ex A, ECF No. 27-1; Ex. B, ECF No. 27-2. On May 21, 2013, Cecil Andrew Pope ("Plaintiff") was sentenced to nine years in the Institutional Division of the Texas Department of Criminal Justice for the charges of indecency with a child younger than 14 years old by contact and failure to register as a sex offender. Mot. to Dismiss 1, ECF No. 27; Ex. A, ECF No. 27-1; Ex. B, ECF No. 27-2. On December 29, 2015, Plaintiff filed his Complaint in this Court under Title 42, United States Code, Section 1983 ("Section 1983") against the judges, defense attorneys, and prosecutors who were involved in his pretrial, trial, and post-conviction proceedings. Compl. 3-4, ECF No. 1; Mot. to Dismiss 2, ECF No. 27. Plaintiff seeks to have his state court

convictions overturned on the grounds that the judges, defense attorneys, and prosecutors involved discriminated against him and tampered with the evidence. Compl. 5, ECF No. 1. On July 7, 2016, Susan Hawk, Lisa Smith, Thomas D'Amore, Shelley Fox, and Jaclyn Lambert ("Defendants"), the prosecutors who were involved in Plaintiff's state case moved to dismiss Plaintiff's claims against them on the following grounds: (1) Plaintiff's Complaint is barred by the *Heck* doctrine; (2) Plaintiff has not pled facts sufficient to establish Defendants' liability in their individual capacities; (3) Defendants are protected in their individual capacities by absolute immunity, or in the alternative, qualified immunity; and (4) Defendants are immune from suit in their official capacities. Mot. to Dismiss 4-8, ECF No. 27. Plaintiff filed his response on July 25, 2016. Resp., ECF No. 29. No reply has been filed.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a court examines pleadings by accepting all well-pleaded facts as true and viewing them in a light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility where the plaintiff alleges facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the well-pleaded facts do not allow the court to infer more than a possibility of misconduct, the complaint has only alleged, but has not shown that the pleader is entitled to the relief sought. *Id.* at

679 (citing FED. R. CIV. P. 8(a)(2)).

"On a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record." *Herrera v. Wells Fargo Bank, N.A.*, Civ. Action No. H-13-68, 2013 WL 961511, at *2 (S.D. Tex. Mar. 12, 2013) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank P.L.C.*, 594 F.3d 383, 387 (5th Cir. 2010); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994); *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)). "Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment." *Id.* (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011))."A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.* (citing FED. R. EVID. 201(b)).

## ANALYSIS

Defendants argue that Plaintiff's Complaint is barred by the *Heck* doctrine, because the success of his Section 1983 action would necessarily imply the invalidity of his state court convictions, and Plaintiff has not shown that his state court convictions have been reversed, invalidated, expunged, or called into question. Mot. to Dismiss 4, ECF No. 27. In *Heck v. Humphrey*, the United States Supreme Court stated the following:

We hold that, in order to recover damages for allegedly unconstitutional conviction

3

or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff's Section 1983 Complaint seeks the reversal of his state court convictions on the grounds that Defendants tampered with the evidence and discriminated against him. Compl. 4, ECF No. 1. Therefore, as Defendants argue, the success of Plaintiff's Section 1983 action would necessarily imply the invalidity of his state court convictions. Mot. to Dismiss 4, ECF No. 27. Plaintiff's response fails to address this argument. Resp., ECF No. 29. Because Plaintiff has not shown or alleged that his state court convictions have been reversed, expunged, declared invalid, or called into question by the issuance of a writ of habeas corpus, Plaintiff's Section 1983 action is barred under *Heck*, and Plaintiff's claims against Defendants should be dismissed on this ground. *See Wilkerson v. Grona-Robb*, No. 3:15-CV-2162-G (BH), 2016 WL 873630, at *4 (N.D. Tex. Feb. 19, 2016) ("Defendant also argues under Rule 12(b)(6) that Plaintiff's claims are barred by *Heck v. Humphrey* because he has not alleged or shown that his convictions have been set aside. Plaintiff has unsuccessfully challenged the state convictions that are the subject of this lawsuit in state courts and through federal habeas corpus petitions. . . . [H]is current complaint raises claims that necessarily imply the invalidity of his state criminal

convictions, and he has not alleged or shown that those convictions have been set aside. Plaintiff's claims are barred by *Heck v. Humphrey*.").

Defendants also argue that Plaintiff failed to meet the specificity requirements of Rule 8(a)(2) and that it is clear from his Complaint that he can prove no set of facts that would entitle him to relief against any of the Defendants in their individual capacities, and they are immune from suit in their official capacities, because an official capacity suit against Defendants is a suit against the state that is barred by the Eleventh Amendment. Mot. to Dismiss 5 & 7-8, ECF No. 27. Rule 8(a)(2) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8(a)(2) does not require detailed factual allegations, mere labels and conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the undersigned has liberally construed Plaintiff's *pro se* Complaint, Plaintiff wholly fails to state a cognizable Section 1983 claim. *See* Compl., ECF No. 1. In addition, an official capacity suit against Defendants is barred by the Eleventh Amendment as Defendants argue. *See Adger v. Fitzsimmons*, No. 3:14-CV-1769-K (BH), 2015 WL 2414528, at *3 (N.D. Tex. May 19, 2015) ("When acting in their official capacities, Texas district attorneys and assistant district attorneys are considered agents of the state, [who are] immune from claims for damages under the Eleventh Amendment." (citing *Neinas v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000); *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997); *Quinn v. Roach*, 326 F. App'x 280, 292-93 (5th Cir. 2009))). Therefore, Plaintiff's claims against Defendants should also be dismissed on these grounds.

While *pro se* litigants are typically permitted an opportunity to amend prior to dismissal, the undersigned recommends that the District Court dismiss Plaintiff's claims against Defendants

without such an opportunity, because to do so would be futile and cause needless delay. *See Wortham v. Chris Hansen Lab, Inc.*, 3:14-CV-1696-L (BK), 2014 WL 2694194, at *2 (N.D. Tex. June 12, 2014) ("while generally a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed, granting leave to amend is not required if the plaintiff has already pleaded his best case. . . . Here, Plaintiff's claims are fatally infirm. Thus, the Court concludes that granting leave to amend would be futile and cause needless delay.") (citing *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)) (internal quotation marks and alterations omitted); *Kindricks v. Garland Police Dep't*, No. 3:14-CV-2961-L (BK), 2014 WL 5472446, at *3 (N.D. Tex. Oct. 29, 2014) ("A court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are clearly baseless. The latter category encompasses allegations that describe fanciful, fantastic, and delusional scenarios, or that rise to the level of the irrational or the wholly incredible.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)) (internal quotation marks and alterations omitted).

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court **GRANT** Defendants' Motion to Dismiss [ECF No. 27].

**SO RECOMMENDED**, this 7th day of November, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

6

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).